Deaderick, J.,
delivered the opinion of the Court.
Verdict and judgment were rendered in favor of Jerome B. Pillow against the appellant in the Law Court of Memphis, at its February Term, 1868, for $10,000, damages for injuries sustained by him from its alleged wrongful acts.
Several questions are made upon the record which it is insisted show that the judgment should be reversed. Within a year after the injuries were sustained, Pillow brought his suit. While the suit was pending, the counsel of the parties, on the 5th of October, 1865, by agreement in writing, referred the case to Judge Noe and Mr. Avery, two members of the *250 Memphis bar, with power to them to appoint a third referee without suggestion from either party.
The submission bond contains this further stipulation, after providing for the mode of selection of the-third referee: “And thereupon the three shall try the case upon the testimony and argument of counsel. It is further agreed that the decision of the above referees shall be final, and bind the parties without appeal.” The arbitrators named selected a third referee. It was not provided in the submission bond that the award of the referees should be made the judgment of the court. Two’ of the three agreed upon and published their award in favor of the Railroad Company, and the other referee made and published his. award in favor of Pillow.
By the terms of the submission, to constitute a valid award it was essential that all the referees should unite in it. It is expressly stipulated that the three-shall try the case, and that their decision shall be final, and bind the parties. It is hot a case in which a majority may make a valid award, as there is no provision in the submission from which it can be inferred that it was intended that the award might be made by a majority of the whole number of arbitrators selected.
A motion to discontinue the suit was made by-defendant, thereupon the plaintiff took a non-suit,, and judgment was rendered against him for costs. Within less than a year the plaintiff commenced a new suit, and to . this action, amongst other pleas re *251 lied on, tbe defendants pleaded tbe award hereinbefore mentioned, and the statute of limitations.
For the reasons already stated, the award of two of the three arbitrators selected to determine the controversy between the parties was invalid, and constituted no defense to the plaintiff’s action.
There can be no question that the plea of the statute of limitations of one year is a perfect defense-against this suit, unless it falls within the savings-provisions of Sec. 2755 of the Code, That section, provides as follows:
“ If the action is commenced within the time limited, but the judgment or decree is rendered against the plaintiff upon any ground not concluding his right of action, or where the- judgment or decree is rendered in favor of the plaintiff, and is arrested or reversed on appeal, the plaintiff or his representatives and privies, as the case may be, may, from time to-time, commence a new action within one year after-the reversal or arrest.”
The act of 1715, ch. 27, sec. 6, is manifestly extended in its operation by the section of the Code-quoted. For in addition to the cases of arrested and reversed judgments on appeal, that section gives the-right to commence a new action within a year after-the first, whenever judgment has been rendered against the plaintiff in an action commenced within the time limited, “upon any ground not concluding his right of action.”
It is well settled that a judgment against a plaintiff upon a non-suit does not conclude his right of *252 action, but that he may begin a new suit upon the same cause of action, notwithstanding such judgment.
It was held, properly, as we think, in 5 Col., 642, where a suit was dismissed because the papers were lost, that the plaintiff might, within a year, commence a new suit, because the judgment rendered against him was not so rendered upon any ground concluding his right of action. The new action in such case must be brought within one year after the termination of the action, which was commenced within the time limited by law for the bringing of such action, so that the indefinite succession of suits upon the same cause of action can not result from the construction given to the act, as suggested by counsel. The payment of costs is ordinarily a sufficient restraint upon the reckless or wanton institution of suits.
Some objections were taken by the. defendant below to the improper admission of testimony. With•out sufficiently identifying the parties as conductors, or others having control of the respective trains, a conversation was admitted which took place between persons on the trains which met before the train, upon which the plaintiff was, arrived at the point where he sustained the injury, in which some one upon the train upon which plaintiff was, stated that the train was behind time, and they were running at a furious rate to make up lost time. This may have operated to prejudice the minds of the jury, and was improperly admitted as evidence before them.
After a verdict was rendered against the defend *253 ants, upon a motion for a new trial, counsel for defendant presented and read the affidavit of five of the jurors. In this affidavit the jurors state “that the jury agreed that the plaintiff was entitled to a verdict, but differed as to the amount; and not being able to agree, as the opinions of the jury varied from $5,000 to $20,000, the jury agreed that the gentleman, Mr. Walcott, whom we had elected as foreman, should appoint a committee of three, taking one from each extreme, and one from the medium opinions as to amount, and the jury would abide by the decision of these three as to the amount.”
The committee of three was appointed, and after conferring together, “fixed the amount at $10,000, and the jury assented to it, as they had previously agreed,” and this amount was returned as their verdict.
The counter affidavit of Mr. Walcott and two other jurors was introduced by plaintiff below, in which, after reciting the disagreement of the jury as to the-amount of their verdict,. they say that “in order to-arrive at a fair and just compensation, which would be accepted as such by each individual juror, it was agreed that three of their number, representing the divisions of their body, should confer together and determine upon an amount which should be adopted by each as his verdict.” Upon conference of the three jurors they agreed upon $10,000, and this was “ referred back to the whole body, and adopted by each and every one as his verdict.”
We do not think there is any material difference in' the facts stated in the two affidavits. From both *254 it appears that tbe jury agreed that the three committeemen should agree upon a sum, and that they would adopt and return it as their verdict. When this agreement was made they did not know what the amount of the verdict would be to which they had agreed beforehand' to assent. And the principle of the cases in 1 Hum., 44 and 400, and 3 Sneed, 304, is, that a jury can not agree beforehand that their verdict shall be for an uncertain and unascertained sum, dependent upon the will of one or more jurors, less than all.
The jury agreed, in effect, in this case, that three of its members should settle the controverted point as to the amount of their verdict. They agreed in advance that they would abide their determination on this question! They surrendered their own judgment and their own will and- voice in the settlement of this important question, and were mere instruments for the registration of the judgments of the three jurors selected to ascertain the amount they should render by their verdict.
The judgment of the court below will be reversed, and the cause be remanded for a new trial.